SUPREME COURT — APPELLATE DIVISION —
SECOND DEPARTMENT.

December 7, 1917.

# THE PEOPLE v. THE PEOPLES TRUST COMPANY.

(180 App. Div. 494.)

CORPORATIONS—PRACTICING LAW IN VIOLATION OF PENAL LAW, § 280—
PURPOSE OF STATUTE.

Where a trust company advertised in certain newspapers suggesting its officers as appropriate advisers to persons contemplating the making of a will or the appointment of an executor and stating that the advice was entirely without obligation, and, upon application by one who had seen such advertisement, called an attorney, who was connected with the firm retained by them, who came to their office, took instructions, drafted the will and subsequently supervised the execution thereof, and the trust company was made executor, but no charge was made either by it or by the attorneys for services in advice or drafting and supervising the execution of the will, said company is liable for the practicing of law in violation of section 280 of the Penal Law.

The purpose of said statute was to remedy the growing tendency of corporations to enter the field of practicing law and perform legal services through lawyers in their general employ and owing loyalty primarily to them and not to the client.

The drafting and supervising the execution of a will constitutes practicing law.

APPEAL by the defendant, The Peoples Trust Company, from a judgment of the Court of Special Sessions of the city of New York, Part Two, rendered against it on the 26th day of January, 1917, convicting it of violating section 280 of the Penal Law.

*George W. Wingate,* for the appellant.

*Ralph E. Hemstreet,* Assistant District Attorney (*Harry E. Lewis,* District Attorney, and *Harry G. Anderson,* Assistant District Attorney, with him on the brief), for the respondent.

BLACKMAR, J.:

Section 280 of the Penal Law makes it unlawful for a corporation to render or furnish legal advice, to furnish attorneys or counsel, or in any other manner to assume to be entitled to practice law, or to furnish legal advice, services or counsel, or to advertise that either alone, or together with or by or through any person, whether a duly and regularly admitted attorney at law or not, it has, owns, conducts or maintains a law office or an office for the practice of the law, or for furnishing legal advice, services or counsel.

The section contains specifications of other prohibited acts of the same general nature, aimed to cover the whole field of services usually rendered by attorneys to clients, but the enumeration above is sufficient for the purpose of this decision.

The defendant advertised in certain newspapers as follows:

"A WILL IS A FLEXIBLE INSTRUMENT.

" You can make it express every shade of your desires. And by trusteeing the whole or a part of your estate with a modern trust company you can provide for almost every possible contingency which may arise after your death. May we suggest ourselves as appropriate advisers if you are considering the making of a Will or the appointment of an executor? The advice of our trust officers is at your service entirely without obligation.        THE PEOPLES TRUST COMPANY."

On the 28th of September, 1916, one J. Lawrence Gregory visited the office of the defendant with a copy of such advertisement in his possession. There he told one Lindsay M. Goodeve, assistant to the trust officer of the defendant, that he had noticed the advertisement and wished to see about making a will. Mr. Goodeve called up over the telephone an attorney connected with the regularly retained firm of legal advisers to the defendant, who came to the office of the defendant, met Mr.

Gregory, took his instructions, drafted the will, and, on the following day, supervised the execution thereof. The defendant, a trust company organized under the Banking Law of the State of New York, and having power to act as executor and trustee under wills, was made executor of the will. No charge was made either by the trust company or by the attorneys for services in advice, or drafting and supervising the execution of the will. For these acts the defendant has been convicted for a violation of the above-cited section 280 of the Penal Law.

The relation between attorney and client is confidential in the extreme. The attorney is under all the obligations attached to a fiduciary relation, and above all things he owes undivided loyalty to his client, unhampered by obligations to any other employer. These duties are enforced by the drastic remedy of disbarment proceeding, a measure outside of and in addition to other legal remedies. An attorney may not divulge confidential communications of his clients or the advice given thereon. It is obvious that the intervention of a corporation, the general employer of an attorney, between him and his client, is destructive of this necessary and important relation. There can be no longer uninfluenced devotion to the client's interests. There exists along with, and necessarily influencing, the devotion to the client, the duty which the attorney owes to his general employers. Divided obligations in trust relations are obnoxious to the law, and in none more so than in that of attorney and client. It was to remedy the growing tendency of corporations to enter the field of practicing law, and perform legal services through lawyers in their general employ, and owing loyalty primarily to them and not to the client, that this law was enacted.

An attorney at law is the agent of his client in matters involving the application of a knowledge of the law. The business which he carries on is called practicing law. It is not confined to performing services in an action or proceeding

pending in courts of justice; but, as is concisely stated by the court in Eley v. Miller (7 Ind. App. 529), "in a larger sense it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be depending in a court." (See, also, Matter of Pace, 170 App. Div. 818; Matter of Duncan, 83 S. C. 186; Savings Bank v. Ward, 100 U. S. 195; Matter of City of New York [Avenue A, etc.], 144 App. Div. 107.) Under these decisions, as well as in the common understanding of the business world, the drafting and supervising the execution of wills is practicing law. By them legal rights are secured. In giving instructions, confidential communications regarding family relations are often necessary. There is no province of the law requiring deeper learning on the subject of trusts, powers, legal and equitable estates and perpetuities. But the statute does not leave the matter by simply prohibiting corporations practicing law and remitting it to the courts to define the term. The statute in terms forbids a corporation to hold itself out to the public as being entitled to practice law, to render or furnish legal services or advice or to furnish attorneys or counsel to render legal services of any kind. This is what the defendant did. Its advertisement offered to furnish legal advice. In its preamble it indicated the importance of knowing what might legally be accomplished by a will, and then suggested itself as an appropriate adviser. What it actually did was to furnish an attorney at law to give the advice and render the services. The attorney was in the employ of a law firm regularly retained by the defendant. In rendering these services he was in the employ of the defendant, and the services were rendered because of that employment. Whether the attorneys were paid specifically for these services by the defendant, whether the work was included in the general retainer, whether they were at liberty to refuse to perform the services unless paid by the party making the will, or whether they were paid at all,

is unimportant.   The evidence permits no other conclusion than that the services were rendered because of the attorney's employment by the defendant.   Even if the attorneys acted gratuitously because they looked forward to employment in probate proceedings, it was employment by the defendant.   The attorney served the client because of his employment by the defendant, and at the request of defendant.   Motives which often, if not usually, actuate men, would cause some attorneys in such a situation to regard primarily the interests of the corporation, and secondarily only that of the client.   To prevent this divided allegiance this law was passed.   The finding of the court that the defendant furnished legal services and advice and furnished an attorney to render legal services was amply supported by the evidence.   This is not like the case where trust companies, through their own attorneys, although at the expense of the client, examine and advise as to trust deeds before accepting the trust.   In such case the attorney represents the trust company only, and owes no duty or obligation to the grantor in the deed. In the instant case the vice is that there is divided allegiance.

The judgment of conviction of the Court of Special Sessions is affirmed.

JENKS, P. J., THOMAS and MILLS, JJ., concurred; PUTNAM, J., concurred in the result.

Judgment of conviction of the Court of Special Sessions affirmed.

---

## NOTE ON CORPORATIONS PRACTICING LAW.

BUSINESS CORPORATION LAW, ARTICLE 2, SECTION 2a.

Prohibiting a corporation organized for the purpose of conducting law business, etc., is simply declaratory of the pre-existing law, as embodied in section 2, which as a result of judicial interpretation was held not to

warrant the formation of a corporation to engage in the practice of the law, either directly or indirectly. (In re Co-Operative Law Co. [1910], 198 N. Y. 479; Matter of Bensel [1910], 68 Misc. 70.)

This section and section 280 of the Penal Law were both designed to put a stop to a rapid-growing practice by impersonal corporations of exercising functions which can properly be exercised only by a duly-admitted and licensed attorney who is under the strict supervision of the court and amenable to its discipline. (People v. Purdy [1916], 174 App. Div. 694, reversed on other grounds, 221 N. Y. 480.)

It has never been legal for corporations to practice law either directly or indirectly, nor proper for them to engage in the business of procuring attorneys for clients. (Matter of Associated Lawyers' Co. [1909], 134 App. Div. 350.)

" Thus the practice of law by a corporation is very clearly *malum prohibitum* in this State, but quite apart from the statute it is, and was before the statute, against public policy and also *malum in se.*" (Matter of Francis P. Pace and Another [1915], 156 N. Y. Supp. 641.)

Section 280 of the Penal Law is not void as abridging the privileges or immunities of citizens of the United States because it seeks to prevent a corporation from practicing law in the federal courts in this State. (Meisel v. National Jewelers' Board of Trade [1915], 90 Misc. 19.)

A foreign corporation which gives advice in this State as to the method of organizing corporations in its home State, practices law within the meaning of this section and comes within its prohibition. (Matter of Pace [1915], 170 App, Div. 818.)

COLLECTIONS.

A corporation which does a general collection business and institutes legal proceedings when necessary is not exempted from the provisions of this section as being a corporation " organized for benevolent or charitable purposes or for the purpose of assisting persons without means in the pursuit of any civil remedy, " even though the greater part of its business consists of the collection of claims without resort to law. The Appellate Division, therefore, is not authorized to approve of such a company's application to practice law. (Matter of Associated Lawyers' Co. [1909], 134 App. Div. 350.)

But the prohibition of this section does not apply to a corporation whose only connection with a claim is the prosecution of it for the benefit

of the complainants at its own expense. (Irving v. Neal [1913], 209 Fed. 471.)

## BANKRUPTCY PROCEEDINGS.

A membership corporation organized as a board of trade " for purposes other than pecuniary profit " has no right to represent a creditor in a bankruptcy proceeding, or in proceedings on behalf of a creditor in a general assignment of a bankrupt for the benefit of creditors or to advise the creditor in such proceedings and make a charge for its services, for this section prohibits a corporation from rendering legal services or advice and also from rendering legal services of any kind " in actions or proceedings of any nature or in any other way or manner." (Meisel v. National Jewlers Board of Trade [1915], 90 Misc. 19; Op. Atty.-Gen. [1914] 349.)

## REDUCTION OF ASSESSMENT.

The business of a corporation organized for the purpose of obtaining reductions of assessments of real estate made for taxation purposes, contemplates and necessarily includes the practice of law by the corporation and hence is illegal. (People v. Purdy [1916], 174 App. Div. 694; rev'd on other grounds 221 N. Y. 480.)

## VIOLATION OF SECTION NO DEFENSE.

In a suit by manufacturers against the representatives of a labor organization to restrain them from refusing to work upon material manufactured by the plaintiffs, and from calling strikes against it, the fact that the plaintiffs are members of a manufacturers' association, and by the payment of dues are entitled to legal assistance in violation of this section, cannot be availed of by the defendants. (Bossert v. Dhuy [1914], 166 App. Div. 251.)

Likewise a corporation which makes contracts to institute legal proceedings in behalf of certain persons in violation of this section, and employs an attorney to conduct such actions, does not thereby forfeit its right to compel the attorney to account for moneys received by him as its agent. Otherwise the attorney would be allowed to profit by his own wrong. (United States Title Guaranty Co. v. Brown [1915], 166 App. Div. 688.)

This section was cited in Godfrey v. Medical Soc. (1917), 177 App. Div. 684, in an action by an institution, incorporated under the Business Corporation Law for the cure of the liquor and drug habit, for damages for malicious prosecution in instituting a criminal prosecution charging a misdemeanor by unlawfully practicing medicine without a license.

14