SAMUEL MANDELBAUM, Plaintiff, *v.* GILBERT & BARKER MANUFACTURING COMPANY, Defendant.

City Court of New York, Trial Term, Bronx County, October 9, 1936.

*Henry Krinsky*, for the plaintiff.

*Kellogg Emery* and *Inness Brown* [*Ethelbert Warfield* of counsel], for the defendant.

EVANS, J. Plaintiff is an accountant, and, although not a certified public accountant, has the right, without being licensed by the State, to practice accountancy in this State. As such, he solicited the defendant for the privilege of representing it before the State Tax Commission of New York to try to obtain refunds of taxes paid by it, on the sale and installation of oil burners.

The defendant had not thought of applying for tax refunds, until the matter was brought to its attention by plaintiff. He informed defendant that, under the New York Retail Sales Tax Law, it should not have paid any taxes on oil burners sold by it in interstate commerce, nor for oil burners sold under a lump sum contract for material and labor, and that installation charges were not taxable. The defendant agreed that plaintiff would receive fifty per cent of any refunds obtained.

But instead of allowing plaintiff to do whatever work was necessary to obtain refunds, defendant had the application for refunds prepared by its own legal department and obtained the refunds, without any help from plaintiff.

Plaintiff brings this suit for fifty per cent of the refunds obtained. I hold that he cannot recover.

First of all plaintiff performed no work. All he did was to bring information to defendant, which amounted to nothing more or less than an opinion as to the meaning of a New York statute. Although defendant seems to have been uninformed about its right to a refund the information was available to any one who consulted the statute and the interpretation given to it by the New York State Tax Commission, in its decisions, on applications for refunds.

If plaintiff is allowed to recover, then an accountant may practice law, without a license. Any one who renders an opinion as to the proper interpretation of a statute, or gives information as to what judicial or quasi judicial tribunals are deciding, and receives pay for it, is to that extent, practicing law. He not only practices law without being duly licensed by the State, but he practices it with

great freedom and license, for a lawyer may not solicit business, and an accountant may do so, without the penalty of discipline by the Appellate Division.

The question would be different if plaintiff had performed the work, before the State Tax Commission, if he had the right to practice before that tribunal. If such were the case, and he had obtained the refunds or helped to obtain them, then he might be able to recover on the contract.

But ro accountant, certified or not certified, may recover on a contract, express or implied, for rendering an opinion as to the law, the meaning of a statute, or the giving of information as to what judicial or quasi judicial tribunals are deciding.

While accountants may practice before quasi judicial tribunals, by permission, they may not practice law, without being admitted to the bar.

The complaint is, therefore, dismissed.