IN RE AUSTIN RIPLEY.

February Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 4, 1937.

*Lawrence C. Jones,* Attorney General, for the State.

*William Wishart* for the respondent.

*Osmer C. Fitts* (*George R. McKee* on the brief) and *James B. Campbell* each as *amicus curiae* on behalf of the committee on the unauthorized practice of the law of the Vermont Bar Association.

BUTTLES, J. This matter comes here on presentment to this court by the attorney general wherein it is charged that Austin Ripley of the City of Barre is guilty of contempt of this Court for that, never having received the oath of an attorney at law in any court in this state, the said Ripley has intruded himself in the office of an attorney of this Court and has wrongfully pretended to the office of an attorney of this Court and has engaged, between the dates therein stated, in the unauthorized practice of the law at the City of Rutland and the City of Barre, in the State of Vermont. Said presentment further charges, in sub-

stance, that the claimed unauthorized practice of the law consisted in the following acts by the said Ripley:

(1) Engaging in business under the name and style of the "State Protective Bureau" and using in connection with said business a letterhead which reads "State Protective Bureau, organized for the legal protection of delinquent accounts";

(2) Undertaking by contract and for a fee to enforce, secure, settle, adjust and compromise whatever claim one Mrs. Spaulding had against one Stone, making it necessary for him to examine the facts of the case and to advise the creditor regarding the liability of said Stone;

(3) Writing to said Stone a letter under the printed letterhead above quoted, the body of which letter reads as follows: "On the same day through our attorney we are turning over to our local sheriff a writ against you with instructions to withhold suit for 72 hours. Unless we receive a substantial payment by that time I will proceed to trustee your pay at your local place of employment and also attach any property of yours I may find. Austin Ripley."

(4) Causing an action at law, returnable before the Rutland municipal court, to be instituted against the same debtor, and causing process therein to be served by a deputy sheriff upon said debtor and upon another defendant named therein as trustee.

The presentment further charges the respondent with collecting from said debtor the total amount of said claim with costs of said suit, with falsely representing to his client that he had received no money on the claim and withholding the money so received by him until compelled by suit to pay it over to his client —conduct which obviously would be reprehensible and would subject the respondent to discipline if he were an attorney at law.

To this presentment the respondent demurred, thereby admitting, under the familiar rule, all facts which were well pleaded. *State* v. *Bissell*, 106 Vt. 80, 87, 170 Atl. 102; *New York Central R. R. Co.* v. *Clark*, 92 Vt. 375, 377, 104 Atl. 343; *Matthews* v. *Tower*, 39 Vt. 433, 440.

That this Court has full authority to punish for contempt one who wrongfully undertakes or pretends to practice law as an attorney in this State is not and cannot well be ques-

tioned in view of what this Court said on that subject in *In re Morse*, 98 Vt. 85, 95, 126 Atl. 550, 36 A. L. R. 527.

■ The question here is, what constitutes the practice of law, and whether the acts of the respondent, of which complaint is made, or some of them, come within the definition of such practice. That actual participation in the conduct of litigation for a client for compensation constitutes such practice is evident. But many activities incidental and ancillary to appearance in court also come within the scope of a lawyer's practice.

"It [practice of law] is not confined to performing services in an action or proceeding pending in courts of justice; but in a larger sense includes legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be depending in a court." 49 C. J. 1314, citing *People* v. *People's Trust Co.*, 180 App. Div. 494, 496, 167 N. Y. S. 767; *Eley* v. *Miller*, 7 Ind. App. 529, 535, 34 N. E. 836; *Matter of Pace*, 170 App. Div. 818, 156 N. Y. S. 641, 646.

In *In re Duncan*, 83 S. C. 186, 189, 65 S. E. 210, 211, 24 L. R. A. (N. S.) 750, 18 Ann. Cas. 657, it is said: "It is too obvious for discussion that the practice of law is not limited to the conduct of cases in court. According to the generally understood definition of the practice of law in this country, it embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and, in addition, conveyancing, the preparation of legal instruments of all kinds, and, in general, all advice to clients and all actions taken for them in matters connected with the law."

"Practicing as an attorney or counselor at law, according to the laws and customs of our courts, is the giving of advice or rendition of any sort of service by any person, firm or corporation when the giving of such advice or the rendition of such service requires the use of any degree of legal knowledge or skill." *People ex rel. Ill. State Bar Assn.* v. *People's Stock Yards State Bank*, 344 Ill. 462, 176 N. E. 901, 907. It has been held that the drafting and supervising execution of wills is practicing law. *People* v. *People's Trust Co.*, 180 App. Div. 494, 497, 167 N. Y. S. 767, 769. Recent decisions in several states

have passed upon the legality of acts of mercantile agencies who were engaged in the collection of accounts, such agencies being either corporations or individuals who were not licensed to practice law. In *State of Missouri ex rel. McKettrick, Atty. Gen.* v. *C. S. Dudley & Co.*, a corporation, (Mo. Sup.) 102 S. W. (2d) 895, 902, the court said: "We therefore conclude that the respondent has the right to collect debts for others provided it does not employ an attorney or promise to employ one, or threaten the debtor with suit if he does not pay. If collections cannot be made without the services of an attorney the respondent should return the claim to the creditor who should be free to select and employ his own attorney. The respondent should not engage, directly or indirectly, in the business of employing an attorney for others, nor have any interest in the fee earned by the attorney for his work." See, also, the following collection agency cases in which the decisions are in harmony with the decision in the Dudley case: *Richmond Assn. of Credit Men* v. *Richmond Bar Assn.* (Va., Jan., 1937), 189 S. E. 153; *Bernard Berk, Appt.* v. *State of Alabama, ex rel. Thompson,* 225 Ala. 324, 142 So. 832, 84 A. L. R. 740.

■ In the instant case the respondent contracted with the creditor for a fee to enforce, secure, settle, adjust and compromise her claim against the debtor; he wrote the debtor and threatened him with suit unless payment was made within seventy-two hours; he caused suit to be brought in the Rutland municipal court and caused the debtor's wages to be attached by trustee process; as a result of such suit he collected the full amount of the claim and costs. That he held himself out to the public as being prepared to do just what he did in this instance is shown by the letterhead that he used, which means, if it means anything, that under the name of State Protective Bureau he was prepared to protect delinquent accounts by legal proceedings. Since he was not a licensed attorney, these acts clearly constituted unauthorized practice of law, and such unauthorized practice of the law is a criminal contempt of this Court.

*The respondent is adjudged guilty of a contempt of this Court as charged in the presentment.*