AMERICAN AUTOMOBILE ASS'N, Inc., v.
MERRICK et al.

No. 7646.

United States Court of Appeals for the
District of Columbia.
Argued Nov. 15, 1940.
Decided Dec. 30, 1940.

Charles C. Collins, of Washington, D. C., for appellant.

Richard L. Merrick, William J. Rowan, and John D. Sadler, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

GRONER, C. J.

This is an appeal from a judgment restraining appellant from engaging in specified activities held by the court to constitute the practice of law. The facts are stipulated. Appellees constitute a committee of the Bar Association on the suppression of unauthorized practice of law, and brought this suit for the benefit of themselves and other lawyers similarly situated. Appellant is a nonprofit corporation organized under the laws of Connecticut. It conducts the "District of Columbia Motor Club", with a membership of approximately 29,000 in the District and in the surrounding areas of Virginia and Maryland. Each member pays a fee of $12 a year and receives divers services in return. Previous to this suit appellant agreed to do the following: (a) Attempt amicably to adjust without court action claims for property damage to automobiles for or against a member where the amount in controversy does not exceed $100 (now $50); (b) attempt to settle such claims by arbitration; (c) obtain the name and address of the owner of any vehicle: (d)

arrange to deposit the necessary collateral for a member who has received a ticket for a violation of a minor traffic regulation, and furnish an attorney to represent a member in case of unjust prosecution where the interest of the membership as a whole appears to be involved. Appellant maintains a "Department of Claims and Adjustment" in its local offices in charge of a layman to furnish these services. The department operates in the following manner. Members of the organization "consult" the layman from time to time concerning claims for damages to their automobiles sustained in accidents. A circular, attached to the agreed statement as an exhibit, shows under the heading "legal service" that appellant had given "legal advice" over 3,000 times during a specified period. If the member so requests, appellant endeavors to collect the claim. The member makes a formal report. Appellant then writes to the other person involved in the accident, states the amount of damages, presents the claim, and requests an answer relative to adjustment, or else the name of the insurance carrier. If no response is received, appellant sends a follow-up letter concluding as follows: "Unless we hear from you within the coming week, we shall be obliged to advise our member that apparently no amicable settlement can be made of this matter, and to place the case in the hands of his counsel. We trust that such action will not be necessary, and that the matter may be amicably adjusted." If response is received, appellant's layman in charge will discuss the accident either with the third person or with his insurer. "Such discussion includes such subjects as right of way, provisions of traffic regulations, who is at fault, contributory negligence * * * and the like". If settlement is made, appellant's employee fills out release forms for signature of the proper party. If no amicable settlement can be reached, the member is so informed and advised to get his own attorney or to proceed in the small claims court. While appellant does not file or prosecute claims in court, it desires, if lawful, to fill out and file the forms necessary to institute actions in the small claims court. In many instances two members of appellant are involved in the same accident and consult the layman in charge. In such cases an attempt is made to arbitrate the respective claims.

The learned District Judge who heard the case below concluded that the conduct of appellant in attempting to adjust for its members without court action claims for property damage to automobiles or to settle such claims by arbitration constituted practice of law, and that the offer of appellant to furnish an attorney to represent a member in case of unjust prosecution where the interest of the members as a whole was involved was too broad and should be confined to cases which involve an illegal course of conduct affecting a number of members—such as the conduct of a judicial officer in hearing cases in which he has a financial interest in the result. The judge also was of opinion that it was improper for appellant to fill out and file complaints in the small claims branch of the municipal court.

On the basis of these findings, an injunction issued against the operation of appellant's Department of Claims and Adjustment.

We have recently stated that "the practice of law is not limited to the conduct of cases in court but includes the giving of legal advice and the preparation of wills, contracts, and other legal instruments * * as a business or profession", and that such practice "is restricted to persons whose character and competence have been examined, who have been licensed, and who can be disbarred, in order that the public may be protected against lack of knowledge or skill on the one hand and lack of integrity or fidelity on the other". Merrick v. American Security & Trust Co., 71 App.D.C. 72, 74, 77, 107 F.2d 271, 273, 276.

The question, then, is whether the activities mentioned constitute the practice of law.

We do not agree entirely with the decree of the court below, but we think appellant has gone beyond permissible limits and has been unlawfully engaged in the practice of law. From the beginning to the end of the collection of claims, appellant performs by lay employees functions which are normally exercised by lawyers, and which require their peculiar skill. The consultation with members involves decision and advice as to the merits of a claim and the possibility of urging it successfully. The effort to collect actually does include argument on the legal merits of the claim.

■■ We do not think appellant is entirely precluded from serving its members by lay employees with respect to damage claims. We are referred to no case, and we have not found one, in which it is held that the collection or arbitration of claims alone amounts to the practice of law.[1] Decisions against collection agencies invariably rest on evidence that the agency gave legal advice to the creditor, threatened legal proceedings, or employed attorneys and prosecuted the claim in court. See cases cited in 84 A.L.R. 749; 105 A.L.R. 1371; 111 A.L.R. 39; 125 A.L.R. 1180. We are not, therefore, prepared to hold that a creditor may not attempt through an agent a peaceful collection of a liquidated claim, or that a creditor may not agree through an agent to an arbitration of his claim.

[3] Appellant's proposal, to have its lay employees fill out and file for its members the forms necessary to commence an action in the small claims court, is likewise without legal objection. The Act of Congress[2] establishing the court was intended to help the layman in presenting small claims informally. The Act established the form of complaint, and the clerk of the court is required to fill in the particulars at plaintiff's request. The complaint may be verified by the plaintiff "or his agent", who is not required to be an attorney. To prohibit appellant's lay employees from filling out and filing these papers would be inconsistent with the spirit of the Act.

■ Furthermore, there is no objection to the employment of an attorney by the appellant to represent a member in cases which involve the interest of the membership as a whole, or of a substantial part. The District Court, 31 F.Supp. 876, 877, approved such practice in situations which involved "an illegal course of conduct". We think the distinction is too narrow. What appellant has done here and what it proposes in this respect is simply employing a lawyer to do a lawyer's work in circumstances in which its own interests are involved through the interest of the whole or a large portion of its membership. We can see no reason for limiting this practice to cases involving an "illegal course of conduct".

■ But the giving of advice prior to collection of a claim and the urging of legal propositions in discussions with the person from whom collection is attempted does involve the practice of law and may be performed only by lawyers, who possess the required skill. Fink v. Peden, 214 Ind. 584, 17 N.E.2d 95; Fitchette v. Taylor, 191 Minn. 582, 254 N.W. 910, 94 A.L.R. 356; In re Duncan, 83 S.C. 186, 65 S.E. 210, 24 L.R.A.,N.S., 750, 18 Ann.Cas. 657; In re Flint, 110 Vt. 38, 1 A.2d 718. Appellant did these things through lay employees.

■ In this view, we think the lower court was correct in holding that, as presently operated, appellant's Department of Claims and Adjustment is unlawful. We think the decree should be modified, however, so as to permit the execution and filing, by layman, of claims in the small claims court, to permit the hiring of counsel to represent members where the interest of the members as a whole, or of a substantial number, is affected, and so as not to prevent appellant, through lay employees, from arbitrating or procuring the arbitration of its members' claims, or from simply presenting claims of its members and requesting payment without the performance of any legal service. Whether appellant may employ lawyers to do the legal services which require legal skill is not involved and we express no opinion on it. Accordingly, the decree should be modified in these respects, and as so modified, it is affirmed.

Affirmed, as modified.

---

[1] Appellees rely largely on Seawell v. Carolina Motor Club, 209 N.C. 624, 184 S.E. 540, but the opinion in that case distinctly recognizes the rule we have stated.

[2] 52 Stat. 103, D.C.Code, Supp. V, tit. 18, sec. 241 et seq.