# In re Maynard H. Welch

[185 A.2d 458]

September Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1962

*Charles J. Adams*, Attorney General, for the State.

*Cranston H. Howe* for the respondent.

**Per Curiam.** This is a presentment filed in this Court by the Attorney General of the State of Vermont alleging that Maynard H. Welch, the respondent, of Rutland, Vermont, has engaged in the unauthorized practice of law, and should be found guilty of contempt of this Court.

The respondent appeared personally, and was also represented in this Court by counsel, on the date he was summoned to appear and make answer to the presentment. Mr. Welch admitted the facts as alleged in the presentment and by counsel urged leniency on the part of this Court.

The respondent is a surveyor, and not an attorney. This case concerns the preparation and supervision of the execution of certain deeds by him, and advice relating thereto.

Following is a summary of the facts set forth in the presentment. Two or three weeks previous to April 6, 1962, James L. Smith of Benson, Vermont, as the representative of six owners of a parcel of land in the town of Benson, of which he was one, consulted Philip M. M. Phelps, an attorney at law of Fair Haven, Vermont, with respect to dividing the land into lots and drafting such instruments as would be necessary so that ownership of the lots would be in some one or more of the owners, who, together, then owned undivided interests in all of the land in question. Mr. Phelps advised that before proper deeds of conveyance could be made boundaries of the lots into which the principal parcel was to be divided should be established by a survey, and that the surveyor's description of those boundaries should be incorporated into the deeds.

Mr. Smith thereupon consulted the respondent, a surveyor of about 25 years experience, and requested him to make the necessary survey of the land in question for the purpose of preparing a surveyor's description of the boundaries of the several lots into which the parcel of land was to be divided. At about the same time, the respondent advised Mr. Smith that he would include, as a part of his services, the preparation of the necessary deeds, and that there would be no need for the parties in interest to obtain further services of an attorney with respect to the drafting and execution of the necessary instruments of conveyance.

The respondent prepared the deeds, and in so doing advised all the parties in interest with respect to the establishment of certain rights-of-way created in the deeds. He also advised the several parties as to the type of estate and manner of holding the same as to each lot, which would conform to their desires and needs. The respondent further advised the parties that a so-called "straw man" was necessary in the procedures by which their desires could be accomplished, and

that he, the respondent, would act as such "straw man." This he did. The deeds were executed under his supervision.

For the services rendered by the respondent by way of survey, mapping, drafting the purported deeds and supervising the execution, delivery and recording thereof, he was paid $65.00.

In general, one is deemed to be practicing law whenever he furnishes to another advice or service under circumstances which imply the possession and use of legal knowledge and skill. The practice of law includes "all advice to clients and all actions taken for them in matters connected with the law." *In re Pilini,* 122 Vt. 385, 391, 173 A.2d 828, citing *In re Duncan,* 83 S.C. 186, 189, 65 S.E. 210, 211 24 L.R.A., N.S. 750, 18 Ann. Cas. 657. Also see *In re Flint,* 110 Vt. 38, 41, 1 A.2d 718. Practice of law includes the giving of legal advice and counsel, and the preparation of legal instruments and contracts of which legal rights are secured. *In re Pilini, supra,* page 390, and cases cited. Where the rendering of services for another involves the use of legal knowledge or skill on his behalf—where legal advice is required and is availed of or rendered in connection with such services —these services necessarily constitute or include the practice of law.

The prevention of the unauthorized practice of the law is a matter of public policy in all of the United States. This policy rests upon the necessity of protecting the public rather than the lawyer. It is essential to the administration of justice and the proper protection of society that only qualified persons duly licensed be permitted to engage in the practice of law.

We cannot over-emphasize the necessity of legal training in the proper drafting of legal documents and advice relating thereto. The absence of such training may result in legal instruments faulty in form and content, and also lead to a failure of purpose, litigation, and expense. The respondent's conduct, as a layman, in giving the legal advice and preparation of the deeds referred to in this opinion constitutes practicing law. Such unauthorized practice of law is a criminal contempt of this Court. *In re Ripley,* 109 Vt. 83, 87, 191 Atl. 918.

*The respondent is therefore adjudged guilty of contempt of this Court.*