DONNA SHORTRIDGE, Plaintiff Below-Appellant,
v.
DELAWARE HOSPICE Defendant Below-Appellee.
No. 377, 2009
Supreme Court of Delaware
Submitted: August 11, 2009
Decided: November 9, 2009
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice
This 9th day of November 2009, it appears to the Court that:
(1) Plaintiff-Appellant Donna Shortridge ("Shortridge") appeals from a June 18, 2009, decision of the Superior Court granting summary judgment to Defendant-Appellee Delaware Hospice ("Employer") on her claim for liquidated damages under Huffman v. C.C. Oliphant & Son, Inc.[1] Shortridge makes two arguments on appeal. First, Shortridge contends that correspondence sent on May 22, 2008, to Delaware Hospice constitutes a valid demand. Second, Shortridge contends that the correspondence sent on August 11, 2008, was an additional demand and not, as the Superior Court held, a waiver of the original May 22, 2008 demand. It is undisputed that the demand was made by neither Shortridge nor her attorney. Because a proper demand was not made, we affirm the judgment of the Superior Court.
(2) On April 18, 2008, Shortridge was awarded attorney's fees and a medical witness fee in the amount of $932.80, pursuant to a decision of the Industrial Accident Board. On May 22, 2008, an assistant to Shortridge's counsel signed and sent correspondence to Delaware Hospice's counsel. The assistant is not admitted to practice law in Delaware. The correspondence stated: "[t]he total amount of $932.80 is submitted for payment and should be reimbursed to our office." No payment was made within 30 days.
(3) On August 11, 2008, 81 days after the date of the first correspondence, a second letter was sent. This letter was signed by the same assistant to Shortridge's counsel. It addressed an overdue payment of the disability benefits to Shortridge and purported to renew the request for payment of the doctor's bill and court reporter's bill in the amount of $932.80. The correspondence explained that it was "a demand in accordance with statute and case law, for the immediate payment of the expert fees in the amount of $932.80 and for $1,173.32 for the four weeks of temporary total disability payments due to our client." Within 30 days of this letter, the bills were paid.
(4) On July 6, 2008, Shortridge filed suit for liquidated damages under Huffman. The Superior Court addressed the two "demand letters" and found that the second letter "waived" the first demand. The parties have argued over whether the first letter was a proper demand and whether the second letter constituted a waiver. We have not applied the concept of waiver in this context nor is it necessary to do so. This is because no demand was made by Shortridge or her counsel.
(5) Here, both the May 22, 2008, and the August 11, 2008, letters were signed by a non-lawyer. As these "demand letters" purport to secure Shortridge's legal rights, the assistant could not represent Shortridge and make a proper demand on her behalf.[2] Absent the predicate of a proper demand, Shortridge has no Huffman claim.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] 432 A.2d 1207 (Del. 1981) ("Huffman"). Complaints filed under 19 Del. C. § 2537 to collect unpaid worker's compensation awards have come to be known as "Huffman" claims. See Rawley v. J.J. White, Inc., 918 A.2d 316, 320 (Del. 2006) (citing National Union Fire Ins. Co. v. McDougall, 877 A.2d 969, 971 (Del. 2005)).
[2] Matter of Coleman, 1991 WL 28900 (Del. Feb. 25, 1991); Delaware State Bar Ass'n v. Alexander, 386 A.2d 652, 661 (Del. 1978) (quoting In re Welch, 185 A.2d 458, 459 (Vt. 1962)).