STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 37-3-14 Vtec

Warner NOV

DECISION ON MOTION

**Decision on Motion for Summary Judgment**

This matter concerns property at 70 Buzzell Road West in the Town of Morgan, Vermont (the Town) and the reconstruction of a boathouse on that property by Delvin and Nancy Warner (the Warners). On February 19, 2014 the Town of Morgan Zoning Administrator (ZA) initiated an enforcement action against the Warners, issuing a Notice of Violation (NOV) for the boathouse's noncompliance with setback requirements as established by the Town of Morgan Zoning Bylaws (Bylaws). On February 20, 2014 the Warners appealed the NOV. In a decision dated March 4, 2014, the Town of Morgan Zoning Board of Adjustment (ZBA) declined to consider the Warners' appeal. The Warners timely appealed the ZBA's decision to this Court and now move for summary judgment, asking the Court to find that the NOV must be overturned as a matter of law. The Warners are represented by Robert A. Gensberg, Esq. The Town designated Stephen Matson, Zoning Administrator, as its spokesman in the pending appeal.

**Factual Background**

For the sole purpose of putting the pending motion into context the Court recites the following facts which are undisputed:

1.    Delvin and Nancy Warner have owned a boathouse on property located at 70 Buzzell Road West (the Property) in the Town of Morgan's Lakeshore District since 1967.

2.    The boathouse was built prior to the Town's adoption of the Zoning Bylaws.

3.    As originally built, the boathouse measured 14 feet wide and 22 feet deep. The rear of the boathouse directly abutted the Lake's northern shore and the northwestern side of the boathouse was located within one foot of the property line.

4. The original boathouse had a deck extending 14 feet along the width of the rear façade and approximately 4 feet over the northern shore of Lake Seymore (Lake).

5. Over time, erosion and ice damage caused the boathouse to shift west of its original foundation such that it extended into the Lake by approximately 10 feet.

6. Pursuant to Bylaw § 404.03, nonconforming structures "[m]ay be razed and subsequently replaced on the original footprint (or smaller) if [doing so]. . . does not increase the non-conforming structure's degree of non-conformance."

7. During the summer of 2012, the Warners attempted to move the boathouse from its position in the Lake back to its original foundation. However, due to the scope of the structural damage caused by the boathouse's lakeward movement, the Warners decided to raze and reconstruct the boathouse.

8. The parties do not agree as to whether the boathouse, as reconstructed, has the same dimensions as the original structure.

9. As reconstructed, the boathouse includes a deck measuring 14 feet along the width of the rear façade, parallel to the Lake's shoreline, and extending 6 feet over the surface of the Lake.

10. The parties do not agree as to whether a deck was present along the rear lakeward façade of the boathouse immediately prior to this reconstruction.

11. On September 26, 2012, after reconstruction was complete, the Warners filed an application for the zoning permits necessary for the reconstructed boathouse and deck (Permit 13-16).

12. On October 4, 2012 the Town's Zoning Administrator denied Permit 13-16 because the reconstructed boathouse violated the front yard setback of 30 feet and the side yard setback of 25 feet, as described in § 204.01 of the Bylaws.

13. On October 10, 2012 the Warners appealed the denial of Permit 13-16 to the ZBA and separately filed a request for a dimensional waiver for the deck pursuant to Bylaw § 611. The ZBA denied the appeal on January 7, 2013 pursuant to Bylaw § 404, finding that because it could not determine whether the boathouse was reconstructed on its original foundation and/or increased in volume from the original boathouse, the

2

reconstructed boathouse represented an increase in nonconformance. The ZBA also denied the dimensional waiver, finding that because the deck extends beyond the Property line and over the Lake, it falls under the jurisdiction of the State of Vermont Agency of Natural Resources (ANR).

14. On April 15, 2013, ANR informed the Warners by written notice that they did not require a Shoreland Encroachment Permit for the reconstructed boathouse. ANR explained that because the overall effect of the reconstruction served to reduce the boathouse's encroachment into the Lake by 10 feet, the additional 2 feet of encroachment attributable to the reconstructed deck resulted in an overall reduction of encroachment into the Lake by 8 feet.

15. On February 19, 2014 the ZA issued an NOV for the boathouse as reconstructed. The NOV alleged that the boathouse was at least 6 feet larger than the original structure and therefore did not satisfy the exemption under Bylaw § 404, rendering the boathouse in violation of the front and side yard setback requirements.

16. The Warners appealed the NOV to the ZBA on February 20, 2014. The ZBA declined to consider the Warners' appeal. On March 14, 2014 the Warners' timely appealed that decision to this Court.

### Analysis

Pursuant to Rule 56(a) of the Vermont Rules of Civil Procedure (V.R.C.P.), a party seeking summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The moving party has the burden of proof, and the Court must treat each fact alleged within the movants statement of material facts as "admitted unless controverted" by a statement filed by the opposing party that identifies the facts it disputes. V.R.C.P. Rule 56(c)(2); Webb v. Leclair, 2007 VT 65, ¶¶ 2, 6, 182 Vt. 559 (mem.).

As stated in the NOV, the reconstructed boathouse "is deemed to be at least 6 feet larger than the original structure." Pursuant to § 404.03 of the Bylaws, nonconforming structures "[m]ay be razed and subsequently replaced on the original footprint (or smaller) if [doing so] . . . does not increase the non-conforming structure's degree of non-conformance."

3

Because, according to the NOV, the reconstructed boathouse "increase[s] the non-conforming structure's degree on non-conformance," it is not exempt from setback requirements under § 404.03, which renders it in violation of the setback requirements in § 204.01.

The Warners argue that the ZBA's January 7, 2013 decision denying Permit 13-16 and their request for a dimensional waiver ceded jurisdiction over the deck to ANR, thereby extinguishing the ZBA's right to initiate enforcement proceedings under § 204.01 based on the expanded deck. The NOV, however, does not explicitly refer to the expanded deck—it refers to the boathouse, generally, as being "at least 6 feet larger."

As reiterated in the Selectboard's opposition to the Warners' summary judgment motion, the ZBA denied the Warners appeal of Permit 13-16 and request for a dimensional waiver for two reasons: ANR's jurisdiction over the deck <u>and</u> because it could not determine whether the boathouse was reconstructed on its original foundation or increased in volume from the original boathouse. The Warners' motion assumes that the NOV is specific to the reconstructed deck, arguing that because the ZBA denied jurisdiction over the deck in its January 7, 2013 decision, it cannot now find the boathouse in violation of § 404.03 and thus § 204.01 based solely on the reconstructed deck. The Court cannot, however, based on the plain language of the NOV, determine whether the enforcement proceeding is based on the deck or the reconstructed boathouse. Because whether and how the structure's nonconformity has increased are disputed questions of fact, the Court cannot dismiss the NOV. As such, we find that the Warners have not demonstrated that they are entitled to summary judgment.

We caution the Town on its likely need for legal representation as this matter moves forward. The issue of non-lawyers representing municipal entities is common before the Environmental Division. In limited situations and upon the filing of written designation, we will allow non-lawyers to appear on behalf of a municipality. The Town made no such request in this appeal and the Selectboard's designation of Zoning Administrator Stephen Matson to act as the Town's spokesman does not give Mr. Matson the authority to file motions or legal memoranda, examine witnesses or otherwise represent the Town's interests.

V.R.C.P. 11(a) requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record," or if a party is not represented by an attorney, by the party. Although the Selectboard acts on behalf of the Town, the Town is the legal entity appearing before the Court. As such, legal arguments, either by motion or at trial, must be made by a licensed attorney representing the Town. See Zaremba Group CU–Jericho, No. 101-7-13 Vtec, slip op. at 9 (Vt. Super. Ct. Envtl. Div. Nov. 7, 2014) (Walsh, J.) (explaining that because the Town is the legal entity appearing before the Court and the Selectboard is the governing entity acting on behalf of the Town, legal arguments must be filed by a licensed attorney representing the Town and not by the Selectboard); see also LaBrie, Inc. v. Vermont Dept. of Environmental Conservation, 157 Vt. 642, 643 (1991) (holding that "generally a corporation must appear through counsel"). For this reason, the Selectboard acted without authority and in violation of V.R.C.P. 11(a) when it filed a motion in opposition to the Warners' motion for summary judgment; having done so was to engage in the unauthorized practice of law. See In re Welch, 123 Vt. 180, 182 (1962) ("It is essential to the administration of justice and the proper protection of society that only qualified persons duly licensed be permitted to engage in the practice of law.").

It is perhaps because the Selectboard, and not a licensed attorney, filed the opposition to the Warners' motion for summary judgment that the filing fails to satisfy the standard for such pleadings:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) Filing a separate and concise statement of undisputed material facts or a separate and concise statement of disputed facts, consisting of numbered paragraphs with specific citations to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) Showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

V.R.C.P. 56(c)(1). Rather than filing a separate and concise statement of disputed fact with supporting documents, the Selectboard's motion merely recites sections of the Warners' motion and offers unsupported rebuttals of those statements. We note that in the event a party fails to properly address the movant's assertion of fact as required by Rule 56(c), the

court may either give the party an opportunity to support or address the fact, consider the fact undisputed for purposes of the motion, or grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Id. 56(e). Although the deficiencies in the Selectboard's motion are substantial, we must deny the motion because of the presence of disputed material facts and the Warners' failure to show that they are entitled to judgment as a matter of law. If the Selectboard wishes to be active in this appeal, beyond observing our proceedings, it must obtain legal counsel and have counsel appear specifically in this matter.

## Conclusion

The Warners have failed to show that they are entitled to a judgment as a matter of law. Absent further facts, the Court cannot determine whether the NOV applies to the reconstructed deck or to the boathouse in its entirety. For the reasons stated above, the motion for summary judgment is therefore **DENIED**.

Electronically signed on February 02, 2015 at 02:09 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division