*Ladd v. Stewart*, No. 1098-10-14 Cncv (Toor, J., Mar. 18, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| EUGENE F. LADD<br> Plaintiff<br><br>v.<br><br>JAMES J. STEWART<br> Defendant | Docket No. 1098-10-14 Cncv |

RULING ON MOTION FOR DEFAULT JUDGMENT

While each was in prison in 2013, Eugene Ladd and James Stewart formalized in writing an oral agreement in which Ladd agreed to provide legal services in connection with Stewart's suit against the Department of Corrections for injuries Stewart suffered from inadequate medical care in prison. Stewart in return promised to pay Ladd 5% of any settlement recovery. Ladd filed this breach of contract action after Stewart allegedly failed to pay him the 5%. Ladd alleges in his complaint that he serves as a "jailhouse lawyer," but does not claim to be a licensed attorney. Stewart has not answered the complaint or entered an appearance, so Ladd moved for default on January 22, 2015. While Ladd would normally be entitled to a default judgment, in this case he is not. Ladd and Stewart's contract violates the public policy against unauthorized practice of law and so is unenforceable.

Discussion

The practice of law "includes the giving of legal advice and counsel, and the preparation of legal instruments and contracts of which legal rights are secured." In re Welch, 123 Vt. 180, 182 (1962) (per curiam). The Vermont Supreme Court has emphasized that the "prevention of the unauthorized practice of the law is a matter of public policy in all of the United States. . . . It

is essential to the administration of justice and the proper protection of society that only qualified persons duly licensed be permitted to engage in the practice of law." Id.

Here, the parties' contract states that it is an agreement for "legal services," namely the preparation and drafting of Stewart's suit. Ladd asserts that he drafted medical record requests; a motion to enlarge the number of interrogatories; answers to requests for interrogatories; requests to produce; and other unspecified pleadings. Ladd does not claim to be a licensed attorney. The court concludes that the contract was made for the unauthorized practice of law.

Courts have refused to enforce legal services contracts between inmates on the basis that they violate the public policy against unauthorized practice of law. *See* Henderson v. Ricketts, 499 F. Supp. 1066, 1069 (D. Colo. 1980) (holding, where inmates orally bargained for legal services, that prisons could prohibit the transfer of legal fees because "a prisoner does not have the right to carry on the business of practicing law without a license"); Carter v. Flaherty, 953 N.Y.S.2d 814, 816 (N.Y. App. Div. 2012) (holding that a legal services contract between two inmates violated the public policy against unauthorized practice of law: "the contract entered into was for the rendition of legal advice and, as such, is unenforceable as an illegal contract"); Newton v. Delespine, No. 12-05-00113-CV, 2006 WL 3458829, at *5 (Tex. App. Dec. 1, 2006) (holding that a written legal services contract between two inmates was unenforceable because courts "will not enforce or aid in the enforcement of a contract made for the illegal practice of law").[1]

This case is no different. The Vermont Supreme Court has stated that "where a contract grows immediately out of, and is connected with, an illegal or immoral act, our courts will not

---

[1] *See also* Peniman v. Cartwright, 550 F. Supp. 1302, 1304 (S.D. Iowa 1982) (denying an inmate's claim for attorney's fees under a federal statute on the ground, inter alia, that such an award would "contravene public policy by blurring important distinctions between the licensed practice of law and the untrained assistance of a 'jailhouse lawyer'").

2

lend their aid to enforce it." <u>Batchelder v. Mantak</u>, 136 Vt. 456, 464 (1978) (dicta). Since Ladd is not a licensed attorney and thus could not provide legal services for compensation, the court concludes that his contract is unenforceable as a matter of public policy.[2]

Order

The motion for default is denied. The case is dismissed with prejudice.

Dated at Burlington, Vermont, this 18th day of March, 2015.

_____
Helen M. Toor
Superior Court Judge

---

[2] Ladd does not assert that he is entitled to payment for his services on any other basis, such as quantum meruit.