IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            : Def. I.D. No.: 1801015190
:
      vs.                         :
:
JARED MITCHELL,            :
:
           Defendant.         :
:

## <u>ORDER</u>

Submitted: September 23, 2024
Decided: October 8, 2024

*Defendant's Motion to Fix Terms Imprisonment Credits – **GRANTED.***

This 8th day of October, 2024, upon consideration of Jared Mitchell's ("Defendant") "Motion to Fix Terms Imprisonment Credits" and the State's response, it appears to the Court that:

On January 26, 2018, Jared Mitchell was charged with Murder 1st Degree and other charges by an Adult Complaint and Warrant. On May 8, 2018, a Rule 9 Warrant was issued for the Defendant's arrest.

On March 28, 2018, Defendant was arrested for Possession with Intent to Distribute a Controlled Substance in Accomack County, Virginia, and taken into custody. The charge was *nolle prossed* in Virginia on June 11, 2018.

The Defendant was extradited back to Delaware on June 19, 2018. The Defendant is requesting to be credited with 81 days while in custody in Virginia.

Section 1901(b) of Title 11 of the Delaware code states:

> [a]ll sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of incarceration for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct.

The Delaware Supreme Court has also addressed this issue in *Brown v. State*,[1] *Noble v. State*,[2] and *Thompson v. State*.[3]

In *Brown*, the defendant argued that he was entitled to credit for the time served at Level V while being incarcerated in Virginia awaiting his extradition to Delaware.[4] The Supreme Court held that because the defendant was "serving

---

[1] 976 A.2d 170 (Table) (Del. 2009).
[2] 984 A.2d 124 (Table) (Del. 2009).
[3] 149 A.3d 1020 (Table) (Del. 2016).
[4] *Brown*, at *2.

sentences in Virginia based upon Virginia criminal charges"[5] he was not entitled to any additional credit on his Delaware sentence.

In *Noble*, the Supreme Court remanded the case back to Superior Court to receive credit for time served while being held in Pennsylvania. The records clearly demonstrated that the defendant was being held "solely for the purpose of awaiting extradition to Delaware and that no credit was received against any Pennsylvania sentence."[6]

In *Thompson*, the Supreme Court ruled that the issue of whether the defendant was entitled to credit for time served was not ripe for appellate review. However, the Court noted two important findings: (1) "…under Delaware law, a defendant is entitled to Level V credit on a VOP sentence for all prior time actually served at Level V awaiting disposition of a VOP charge" and (2) "…a defendant is not entitled to credit for any period of incarceration on an unrelated sentence, or, in particular, a sentence served in another jurisdiction."[7]

Section 3901(b), *Brown*, *Thompson*, and *Noble* make it clear that a defendant does not receive credit for time served if the defendant is serving a sentence in another jurisdiction while awaiting extradition. In this case, the State acknowledged

---

[5] *Id.*
[6] *Noble*, at *1.
[7] *Thompson,* at *2 (quoting *Brown v. State*, at *1).

that the Defendant's charges were *nolle prossed* in Virginia.  Therefore, it is clear he was not serving a sentence in Virginia.

For the reasons stated above, the Court **GRANTS** Defendant's motion for 81 days of credit time.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge


oc:    Prothonotary
cc:    Casey Ewart, Deputy Attorney General
       Jared Mitchell, *Pro Se*