**In re Orrin S. KASSA and Gail S. Kassa, Debtors.**

**Bankruptcy No. 95–0941 PL JMM.**

United States Bankruptcy Court, D. Arizona.

July 24, 1996.

---

**5.** A circumstance defendant can appreciate, as its papers speak of the thousands of tax returns it must process as well. Docket No. 19 at 4.

James L. Robinson, Jr., Tucson, AZ, for debtors.

## MEMORANDUM DECISION RE: REQUEST FOR RETURN OF FEES PAID TO A DOCUMENT PREPARER

JAMES M. MARLAR, Bankruptcy Judge.

Before the Court is the debtors' Motion for Return of Funds paid to a document preparation service. (Dkt. 49). The Court has reviewed the entire file, including the Response filed by Dan Fore and Deanna Fore, the document preparers. The matter was submitted for decision on the files and pleadings and papers contained therein. The debtors are now represented by James L. Robinson, Jr. The Fores, the subjects of the request for return of funds, are representing themselves.

### FACTS

1. The debtors filed a chapter 13 bankruptcy on April 27, 1995.

2. The pleadings filed by the debtors, which were apparently prepared with the assistance of Mr. and Mrs. Fore, are:

  a.  Voluntary Petition.

  b.  Statement of Intention.

  c.  Notice to Consumer Debtors (concerning various available options).

  d.  Disclosure of Compensation of Bankruptcy Petition Preparer, reflecting payment of a $500 fee.

  e.  Schedules and Statement of Affairs.

  f.  Amendments to Schedules.

  g.  Income and Expense Statements (Schedules I and J).

  h.  A plan proposal.

  i.  Statement of Financial Affairs.

3. On August 23, 1995, the debtors retained attorney James L. Robinson, Jr. to assist them in concluding their chapter 13 plan. The plan had drawn objections from Ford Motor Credit Company (Dkt. 14) and the Trustee (Dkt. 20).

### LEGAL DISCUSSION

The sole issue in this case is to determine whether the $500 fee paid to the document preparers was reasonable. The document preparers have filed affidavits and pleadings stating that they gave no legal advice. Instead, in essence, they claim that they merely gathered and organized information presented by the debtors, and transcribed it as typists.

The Bankruptcy Code, 11 *U.S.C.* § 110(h) provides that the Court may review the fee charged, and order the return of any sum found to be in excess of the value of the services rendered for the documents prepared. A motion for the return of excess funds paid may be filed by the debtor, the trustee, a creditor or the United States Trustee. § 110(h)(3).

Document preparers are not attorneys. Mr. Fore, however, is a certified paralegal. The task to organize information and type it, is something that a trained legal secretary can do, no more and no less. A document preparer may not give legal advice. Neither can a paralegal. Consequently, a document preparer should be compensated in the same fashion, and in the same amount as a legal secretary.

A good legal secretary makes between $30,000 and $35,000 per year. Assuming the $35,000 figure, the Kassas' bankruptcy pleadings and interview would take about 12 hours

to prepare (incidentally, the Fores supplied no time slips or breakdown of their time spent). This further breaks down to an hourly rate of $16.82. ($35,000 divided by 52 = $673.07 per week divided by 40 hours per week = $16.82). That figure, multiplied by the 12 hours which this Court estimates it would take to complete these schedules, plan and interviews, equals a fee of $201.92.

Therefore, the Fores are authorized to retain $201.92, and to remit, within 10 days, the balance of the $500 fee, or $298.08, to Margo Itule, the chapter 13 trustee, to be utilized in the debtors' chapter 13 case.