**In re Mark E. SCHNEIDER and Shannon L. Schneider, Debtors.**

**No. 01–11183 cab.**

United States Bankruptcy Court. D. Vermont.

Jan. 4, 2002.

Kevin Purcell, Albany, NY, Office of U.S. Trustee.

Raymond J. Obuchowski, Bethel, VT, Chapter 7 Trustee.

Mark A. Chichetto, Pittsfield, MA, Bankruptcy Petition Preparer.

### MEMORANDUM OF DECISION DENYING UNITED STATES TRUSTEE'S MOTION FOR PENALTIES UPON BANKRUPTCY PETITION PREPARER

COLLEEN A. BROWN, Bankruptcy Judge.

On October 22, 2001, the United States Trustee filed a motion seeking an Order Imposing Penalties Upon Bankruptcy Petition Preparer Pursuant to 11 U.S.C. § 110(a),(g) and (k) (herein "motion for penalties") [Dkt.# 5–1]. On November 13, 2001, the bankruptcy petition preparer (hereafter referred to as "the BPP") filed a Written Objection to the Motion and a hearing was held on November 20, 2001. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Based upon the matters filed of record and the hearing held in this matter, the motion for penalties is denied.

### 1. Background

On August 31, 2001, the debtors, Mark E. and Shannon L. Schneider, filed a peti-

tion *pro se* for relief under chapter 7 of title 11 U.S.C. ("the Bankruptcy Code"). The petition identified Mark A. Chichetto of Paper*Works* as the non-attorney petition preparer and the Disclosure of Compensation of Bankruptcy Petition Preparer form disclosed that the debtors had paid Mr. Chichetto $300 to prepare the documents filed in this case. On October 22, 2001, the U.S. Trustee filed a motion for penalties against Mr. Chichetto, as the BPP, contending that he (1) obtained an excessive fee for his petition preparation services on behalf of the debtors, (2) failed to make adequate disclosure of the fee paid to him by the debtors, (3) accepted payment of the petition filing fee directly from the debtors in violation of 11 U.S.C. § 110(g), and (4) engaged in the unauthorized practice of law by rendering legal advice concerning the appropriate chapter for bankruptcy relief and assisting the debtors in their decision to utilize the federal exemptions scheme, rather than the Vermont exemptions, in violation of § 110(k). The U.S. Trustee requested that the Court enter an order directing the BPP to turn over any excess fee and to impose a monetary sanction under § 110(a) and (g).

In response, the BPP filed his opposition to the requested relief and denied any wrongdoing. The BPP denies that his fee is excessive under the circumstances, references the disclosure of his services and fee arrangement in the papers filed with the debtors' petition, and indicates that the debtors paid the filing fee directly to the Bankruptcy Court Clerk. Moreover, the BPP steadfastly denies giving legal advice to the debtors, and indicates that he employs only the federal exemption statute and files only chapter 7 cases and that by choosing to hire him, the debtors themselves chose chapter 7 and the federal exemptions. Attached to the response is a Notice of Disclaimer executed by both debtors that states in pertinent part:

> I will hold Paper*Works*, its agents, officers and employees harmless for failing to provide me with legal advice, or in the alternative, for providing me with legal services, legal negligence or any other course of action relating to the practice of law, or for any general or consequential damages of any type. Paper*Works* drafts legal documents for *pro se* clients who have the intent of pursuing their own uncontested legal matter.

The BPP also filed a copy of the Exemptions Form executed by the debtor indicating that the debtor, not the BPP, selected the use of the federal exemptions. It states in pertinent part:

> If you fail to select one of the above [state or federal] exemptions, and sign the below Disclaimer we will be unable to prepare your document and we shall have no choice but to refer you to an Attorney.
>
> Note: Very Important Please Read.

> ### Disclaimer
>
> I have answered this question based on my knowledge of the Bankruptcy Law and/or by reading information pertaining to what exemption I feel is best for me. **This exemption was solely my own choice.** [Emphasis original.]

The BPP reaffirmed his position on each of these points when he and the debtor appeared at the hearing held on the U.S. Trustee's motion. At the hearing, the Court reserved ruling on the motion.

### 2. *Discussion*

 Section 110 of the Bankruptcy Code sets forth the penalties for persons who negligently or fraudulently prepare bankruptcy petitions. It was enacted by Congress to control the proliferation of bankruptcy typing services and to protect

the public from BPPs who fraudulently or negligently prepare bankruptcy petitions. *See In re Guttierez,* 248 B.R. 287, 292 (Bankr.W.D.Tex.2000). It was not designed to prohibit non-attorneys from preparing bankruptcy petitions, but rather to clarify the scope, nature and quality of a BPP's work. *Id.,* at 297–98. The statute requires that BPPs make certain disclosures to the court regarding fees and services and provides for an assortment of remedies in the event the preparer fails to comply with the duties articulated in the statute. Furthermore, the type of compensable services that a BPP can render are extremely limited by this statute. *See In re Landry,* 268 B.R. 301 (Bankr. M.D.Fla.2001). In construing § 110, the *Landry* court noted that

> A bankruptcy petition preparer can meet a prospective debtor, provide forms or questionnaires for the debtor to complete without any assistance from the bankruptcy petition preparer, transcribe the information supplied by the prospective debtor on the applicable bankruptcy forms without change, correction, or alteration, copy the pleadings, and gather all necessary related pleadings to file with the bankruptcy court. The BPP cannot improve upon the prospective debtor's answers, cannot counsel the client on options, and cannot otherwise provide legal assistance to the prospective debtor, directly or indirectly. However, to the extent the bankruptcy petition preparer provides the limited secretarial-type services, the preparer is entitled to receive reasonable compensation.

*Id.* It is clear that § 110 does not authorize a non-attorney to provide substantive legal advice to prospective debtors regarding the bankruptcy process or to otherwise engage in the practice of law. *See In re ICLNDS Notes Acquisition, LLC.,* 259 B.R. 289 (Bankr.N.D.Ohio 2001); *In re*

*Gavin,* 181 B.R. 814, 820–21 (Bankr. E.D.Pa.1995)(and cases cited therein). In order to determine what constitutes the unauthorized practice of law, bankruptcy courts must look to state law. *In re Guttierez,* 248 B.R. at 294.

Vermont law prohibits and penalizes the unauthorized practice of law. *See* 3 V.S.A. § 127; *see also In re Welch,* 185 A.2d 458, 123 Vt. 180 (1962); *In re Pilini,* 173 A.2d 828, 122 Vt. 385 (1961). The Vermont Supreme Court has stated:

> "In general, one is deemed to be practicing law whenever he [or she] furnishes to another advice or service under circumstances which imply the possession and use of legal knowledge and skill. The practice of law includes 'all advice to clients, and all actions taken for them in matters connected with the law.' "[citations omitted] Practice of law includes the giving of legal advice and counsel, and the preparation of legal instruments and contracts of which legal rights are secured. [citation omitted] Where the rendering of services for another involves the use of legal knowledge or skill on his [or her] behalf—where legal advice is required and is availed of or rendered in connection with such services—these services necessarily constitute or include the practice of law.

*In re Welch,* 185 A.2d at 459, 123 Vt. at 182.

The difficulty arises in trying to reconcile the broad prohibition against preparing legal documents, which constitutes the unauthorized practice of law in Vermont, and the inevitable fact that "bankruptcy documents simply cannot be prepared without having to make legal decisions." *In re ICLNDS Notes Acquisition, LLC.,* 259 B.R. at 294. It is clear from § 110 that the BPP moves at his or her peril when performing any service be-

yond that of simply typing the information provided by a prospective debtor on approved bankruptcy forms. This Court acknowledges that § 110 authorizes BPPs to assist debtors in completing the bankruptcy petition and related forms, but it does so by narrowly circumscribing permissible activities. It is the policy of this jurisdiction to carefully scrutinize the services rendered by a non-lawyer who provides assistance to debtors during the bankruptcy process, and to impose appropriate sanctions for violations of § 110 or any unauthorized practice of law in this district.

■ In this instance, the Court has considered the matters filed of record and the statements presented during the hearing on the motion. While it is a close question, it does not appear that the BPP crossed the line and engaged in the unauthorized practice of law in this case. This Court is not persuaded that Mr. Chichetto provided legal advice to the debtors, counseled the debtors regarding the appropriate form of bankruptcy relief or the selection of state or federal exemption options, or otherwise guided the debtors as to the content of their bankruptcy forms. *Compare In re Webster,* 120 B.R. 111, 113 (Bankr. E.D.Wis.1990)(non-attorney advised debtor as to appropriate exemptions); *In re Arthur,* 15 B.R. 541, 543 (Bankr.E.D.Pa. 1981)(non-attorney advised debtor concerning appropriate chapter for bankruptcy relief). Nor does this Court find that the BPP collected or received the case filing fee. In fact, after hearing the debtor's testimony on this issue, the U.S. Trustee's representative orally withdrew the objection as to the filing fee payment. This Court finds that the legal decisions requisite to the completion and filing of the debtors' bankruptcy petition and related documents were made exclusively by the debtors in this case.

The U.S. Trustee has also alleged that the BPP should be sanctioned because the legal advice that the BPP gave was *per se* wrong, namely the advice to use federal exemptions. This Court finds that the BPP did not render legal advice on this point, and that, in any event, use of federal exemptions is in fact proper in Vermont. *See In re Delaney,* 268 B.R. 57, 58 fn. 2 (D.Vt.2001)(a debtor in Vermont may elect either federal or state exemptions). The debtors could have chosen the Vermont exemptions and declined to hire this particular BPP. Thus, the Court finds that the debtors' use of the federal exemption statute is not grounds for sanctions against the BPP.

■ Lastly, the Court finds that a charge of $30 per hour and ten hours of labor in this case for a total fee of $300 is reasonable under the facts and circumstances of this case. While ten hours constitutes a substantial amount of time for the clerical preparation of a bankruptcy petition and schedules, Mr. Chichetto has detailed the services provided in his response and the debtors have not disputed that Mr. Chichetto performed all the services delineated. The Court finds that the rate and fee do not otherwise appear to be excessive under these particular circumstances. Establishing a standard or inflexible preparation fee in this district would be difficult, and may well prove unworkable. Thus, this Court will consider the appropriateness of the fee charged by a BPP on a case by case basis and anticipates a typical fee will be significantly less than $300, absent special or extraordinary circumstances.

Based upon the foregoing, the motion for penalties and disgorgement of fees is denied.