**In re Luellen MCDONALD, Debtor.**

No. 03–23611–ess.

United States Bankruptcy Court,
E.D. New York.

Nov. 17, 2004.

Luellen McDonald, Brooklyn, NY, pro se.

**MEMORANDUM DECISION ON APPLICATION OF THE UNITED STATES TRUSTEE FOR AN ORDER (1) FINING SAMUEL HENDERSON FOR VIOLATION OF 11 U.S.C. § 110(g)(1) BY COLLECTING FILING FEES; (2) FINING SAMUEL HENDERSON FOR VIOLATION OF 11 U.S.C. § 110(f)(1) BY USING THE WORD "LEGAL" IN HIS ADVERTISEMENTS; (3) DIRECTING SAMUEL HENDERSON TO DISGORGE FEES PURSUANT TO 11 U.S.C. § 110(h)(2); AND (4) DIRECTING SAMUEL HENDERSON TO CEASE THE UNAUTHORIZED PRACTICE OF LAW**

ELIZABETH S. STONG, Bankruptcy Judge.

By application dated April 2, 2004 (the "Application"), the Office of the United

States Trustee (the "United States Trustee") seeks an order (1) imposing a fine against Samuel Henderson for violation of 11 U.S.C. § 110(g)(1) by collecting from Luellen McDonald, the pro se debtor in the above-captioned Chapter 7 case (the "Debtor"), the filing fee in connection with the Debtor's Chapter 7 bankruptcy petition; (2) imposing a fine against Mr. Henderson for violation of 11 U.S.C. § 110(f) by using the word "legal" in his advertisements; (3) directing Mr. Henderson to disgorge compensation paid to him by or on behalf of the Debtor pursuant to 11 U.S.C. § 110(h)(2); and (4) directing Samuel Henderson to cease the unauthorized practice of law.

A hearing was held on April 27, 2004, at which the United States Trustee, by Sharil A. Clarke, Assistant United States Trustee, and Mr. Henderson, who was not represented by counsel, appeared and were heard. The Debtor also appeared. The hearing was rescheduled for June 10, 2004 (the "June 10 Hearing"), at Mr. Henderson's request, to permit him to retain counsel and prepare for the hearing.[1]

At the June 10 Hearing, the United States Trustee appeared and was heard, the Debtor appeared and gave testimony, and Mr. Henderson appeared without counsel, was heard and gave testimony. After testimony and argument, the Court adjourned the June 10 Hearing until July 20, 2004, to provide Mr. Henderson an opportunity to supplement the record. By letter dated July 12, 2004, the United States Trustee requested that the Court change the adjourned date to September 13, 2004. The Court adjourned the hearing until September 13, 2004 (the "September 13 Hearing"). At the September 13 Hearing, the United States Trustee appeared and was heard, and Mr. Henderson did not appear.

For the reasons set forth below, after consideration of the entire record, the Court concludes that (i) Mr. Henderson shall be fined in the amount of $500 for a violation of 11 U.S.C. § 110(g)(1), in that he acted as a bankruptcy petition preparer and, in that capacity, collected from the Debtor a check made payable to the Bankruptcy Court for the filing fee in connection with the Debtor's Chapter 7 bankruptcy petition; (ii) Mr. Henderson shall be fined in the amount of $500 for a violation of 11 U.S.C. § 110(f), in that he acted as a bankruptcy petition preparer and, in that capacity, used the word "legal" in his advertisements; and (iii) Mr. Henderson shall disgorge $150 to the Debtor, under 11 U.S.C. § 110(h)(2), on grounds that the compensation paid by the Debtor to Mr. Henderson was in excess of the value of his services.

### Jurisdiction

This Court has jurisdiction to determine this matter under 28 U.S.C. §§ 1334(b) and 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### Factual Background

The Debtor commenced this case by filing a voluntary petition (the "Petition") under Chapter 7 of the Bankruptcy Code on October 16, 2003. The Chapter 7 Trustee was appointed interim Chapter 7 Trustee and has since become permanent Chapter 7 Trustee under Section 702(d) of the Bankruptcy Code. The Petition and accompanying schedules and statements, as well as the Court's docket, reflect the following:

---

1. The United States Trustee also filed an application for relief under Section 110 against Mr. Henderson in *In re Small,* Case No. 03– 26555–ess (the "Small Application"), which was heard together with this Application on the referenced dates.

- Mr. Henderson signed the Petition as a non-attorney petition preparer on October 16, 2003. Petition, p. 2.
- The Notice to Pro Se Debtor, signed by the Debtor on October 16, 2003, states that the Debtor paid $475 to Mr. Henderson for bankruptcy services. Application, Exhibit B (Notice to Pro Se Debtor).
- The Statement of Financial Affairs signed by the Debtor under penalty of perjury on October 16, 2003, states that the Debtor made no payments related to debt counseling or bankruptcy. Petition, Statement of Financial Affairs, Item 9.
- The Questionnaire for Debtors Without an Attorney, signed by the Debtor under penalty of perjury on December 19, 2003, states that the Debtor paid "Samuel Henderson & Asso." to prepare her bankruptcy documents, that the Debtor paid the bankruptcy case filing fee to Mr. Henderson, that Mr. Henderson explained the difference between Chapter 7 and Chapter 13, and that Mr. Henderson explained what an exemption was. Application, Exhibit C (Questionnaire for Debtors Without an Attorney).
- The First Meeting of Creditors pursuant to Section 341 of the Bankruptcy Code was scheduled for November 20, 2003 (the "341 Meeting"). Docket Entry 2.

The Debtor testified that she was referred to Mr. Henderson in August 2003 by Mr. Henderson's associate, Desmond Gibson. June 10 Hearing Record, Transcript ("Tr.") pp. 11, 30. The Debtor further testified that she learned of Mr. Gibson's services from an advertisement in the telephone book. June 10 Hearing Record, Tr. pp. 11, 16. Mr. Henderson testified that he and Mr. Gibson are associates of a company called Pre–Paid Legal Services, Inc. June 10 Hearing Record, Tr. p. 66. The Debtor testified that she met with Mr. Gibson and Mr. Henderson at Mr. Gibson's office several times in August and September 2003. June 10 Hearing Record, Tr. pp. 30–31.

The Debtor testified that on August 29, 2003, she gave the Chapter 7 bankruptcy filing fee to Mr. Henderson's associate, Mr. Gibson, in the form of a check made payable to the United States Bankruptcy Court in the amount of $200. June 10 Hearing Record, Tr. pp. 46–47, 50–51; June 10 Hearing Record Exhibit ("Exh.") 5, p. 2 (receipt from Mr. Gibson to Debtor evidencing payment of $200). The Debtor and Mr. Henderson testified that the Debtor did not personally file the Petition and schedules with the Court, but that Mr. Henderson filed the Petition and schedules on her behalf. June 10 Hearing Record, Tr. pp. 12, 60. Mr. Henderson testified that he received the $200 filing fee from Mr. Gibson and delivered the fee to the Court when he filed the Petition. June 10 Hearing Record, Tr. pp. 60–61, 70.

The Debtor testified that she paid Mr. Gibson $475 for bankruptcy preparation services. June 10 Hearing Record, Tr. p. 46; see June 10 Hearing Record, Exh. 5, p. 3 (handwritten balance sheet of Debtor's account with Pre–Paid Legal Services, Inc., listing a "bankruptcy filing" cost of $475 and additional "court cost" of $200). Mr. Henderson testified that he received $300 from Mr. Gibson for preparing and filing the Petition. June 10 Hearing Record, Tr. p. 58. He further testified that the remaining $175 of the fee paid by the Debtor to Mr. Gibson was Mr. Gibson's fee. June 10 Hearing Record, Tr. p. 58.

The Debtor testified that Mr. Henderson met with her four times to assist her with the preparation of the Petition. June 10 Hearing Record, Tr. pp. 39–40. The Debtor also testified that her last

meeting with Mr. Henderson lasted approximately twenty minutes, and that her three prior meetings with Mr. Henderson each lasted between ten and fifteen minutes. June 10 Hearing Record, Tr. p. 40. The Debtor further testified that the total time Mr. Henderson spent working with her on the Petition was "less than" or about three hours. June 10 Hearing Record, Tr. p. 40. She further testified that Mr. Henderson spent additional time preparing the Petition outside of the time that he spent meeting with her. June 10 Hearing Record, Tr. p. 43.

The Debtor testified that after her initial meeting with Mr. Gibson, she received Mr. Henderson's business card in the mail. June 10 Hearing Record, Tr. p. 38. This business card identifies the company "Pre–Paid Legal Services, Inc." and includes the phrase "Legal Expense Plans," the name "Samuel H. Associate," and an address, telephone number, and fax number. June 10 Hearing Record, Exh. 3. The Debtor testified that Mr. Henderson asked her to meet him at the address listed on the business card. June 10 Hearing Record, Tr. p. 39. Mr. Henderson testified that the business card that the Debtor received was his business card, that "Samuel H. Associate" was his business, and that the telephone and fax numbers listed on the business card were his business telephone and fax numbers. June 10 Hearing Record, Tr. pp. 62–63. The Debtor testified that in her dealings with Mr. Henderson, she believed that he was an attorney, and that she relied in part on Mr. Henderson's business card to reach that conclusion. June 10 Hearing Record, Tr. pp. 15, 17, 42, 53. The Debtor further testified that at her 341 Meeting, when the Chapter 7 Trustee asked her if Mr. Henderson was a lawyer, she answered "yes." June 10 Hearing Record, Tr. p. 40.

The Debtor and Mr. Henderson testified that Mr. Henderson described to the Debtor the difference between Chapter 7 bankruptcy and Chapter 13 bankruptcy. June 10 Hearing Record, Tr. pp. 43, 72–73. Mr. Henderson testified that he explained to the Debtor which of her assets would be exempt from the bankruptcy estate and which assets would not be exempt. June 10 Hearing Record, Tr. p. 74. Mr. Henderson further testified that he assessed the value of the Debtor's personal property based on his "observation" of the belongings in her home, and used that assessment to prepare Schedule B of the Petition. June 10 Hearing Record, Tr. pp. 74–75. The Debtor and Mr. Henderson testified that Mr. Henderson filled out the Petition and schedules, based on information that the Debtor provided in response to questions that Mr. Henderson asked her, and on information contained in her credit card statements. June 10 Hearing Record, Tr. pp. 13–14, 32–33, 44, 55–56, 71. The Debtor testified that she did not understand the difference between the various schedules accompanying the Petition, and that Mr. Henderson determined where information should be listed on the Petition and schedules. June 10 Hearing Record, Tr. pp 12–15, 32–33. Mr. Henderson testified that he told the Debtor she would be able to correct the Petition after it was filed if it contained any mistakes. June 10 Hearing Record, Tr. pp. 72, 75. Mr. Henderson further testified that he advised the Debtor to provide him with the names of all of her creditors, and that he also advised her that any creditors not listed on the Petition could "come after" the Debtor after she received her discharge. June 10 Hearing Record, Tr. p. 72.

### *Discussion*

█ Congress enacted Section 110 of the Bankruptcy Code in 1994 to provide

" 'a remedy against a growing number of non-attorneys who were rendering quasi-legal (and legal) services in bankruptcy cases to the detriment of both the bankruptcy system and the consuming public.' " *In re Rose*, 314 B.R. 663, 680 (Bankr. E.D.Tenn.2004) (quoting *In re Guttierez*, 248 B.R. 287, 297 (Bankr.W.D.Tex.2000)). Section 110 serves the important purpose of protecting prospective debtors, many of whom may not have access to legal services, from abusive conduct by non-attorney bankruptcy petition preparers. *See, e.g., In re Farness*, 244 B.R. 464, 467 (Bankr.D.Idaho 2000); *In re Guttierez*, 248 B.R. at 292. Section 110 sets standards for and regulates the conduct of non-attorney bankruptcy petition preparers. 11 U.S.C. § 110(a)-(k). To ensure compliance with its requirements, Section 110 contains detailed remedial provisions, including fines and injunctive relief. *Id.*

*The Scope of Section 110(a)(1)*

Section 110(a)(1) defines a bankruptcy petition preparer as a "person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing" in a bankruptcy case. 11 U.S.C. § 110(a)(1). The Bankruptcy Code defines "person" as an "individual, partnership, and corporation . . . ." 11 U.S.C. § 101(41). Here, the evidence shows that Mr. Henderson is a bankruptcy petition preparer within the meaning of Section 110, because he prepared, for compensation, a document for filing in a bankruptcy case.

The record reflects that the name "Samuel Henderson" appears in four places in the Debtor's Petition that call for the identification of the bankruptcy petition preparer. In particular, Mr. Henderson's signature appears on the Petition itself, on the Chapter 7 Individual Debtor's Statement of Intention, on the Declaration Concerning Debtor's Schedules, and on the Statement of Financial Affairs, and in each place, Mr. Henderson certified that he is a bankruptcy petition preparer under Section 110 and prepared the document for compensation. *See* Petition. *See also* June 10 Hearing Record, Exh. 5 (receipt for payment).

The Court finds that Mr. Henderson functioned as a bankruptcy petition preparer within the meaning of 11 U.S.C. § 110(a) in this bankruptcy case, and accordingly, that he is required to comply with the provisions of Section 110.

*The Alleged Violation of 11 U.S.C. § 110(g)(1)*

The United States Trustee seeks an order imposing a fine against Mr. Henderson for violating 11 U.S.C. § 110(g)(1) by collecting the filing fee for the Debtor's Chapter 7 bankruptcy Petition from the Debtor. Section 110(g)(1) provides that "[a] bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition." 11 U.S.C. § 110(g)(1). The elements of a violation of Section 110(g)(1), therefore, are that an entity or individual is a bankruptcy petition preparer, and that the entity or individual collected or received a court fee, including a filing fee, in connection with filing a debtor's bankruptcy petition.

As several courts, including this Court, have observed, " 'Section 110(g) was enacted for three reasons: (1) to prevent the unauthorized filing of petitions; (2) to prevent or curtail the preparer's influence on a debtor's decision and timing on petition filing; and (3) to prevent a preparer's misrepresentation, or misquoting of the filing fee.' " *In re Paysour*, 313 B.R. 109, 116 (Bankr.E.D.N.Y.2004) (quoting *Tighe v. Scott (In re Buck)*, 290 B.R. 758, 765 (Bankr.C.D.Cal.2003), *aff'd*, 307 B.R. 157

(C.D.Cal.2004)). *See also United States Tr. v. Summerrain (In re Avery)*, 280 B.R. 523, 531 (Bankr.D.Colo.2002); *United States Tr. v. PLA People's Law–Arizona, Inc. (In re Green)*, 197 B.R. 878, 879 (Bankr.D.Ariz.1996) ("§ 110(g) prohibits a petition preparer from taking 'control' of the filing fee and ultimately controlling the timing of the bankruptcy filing."). *See generally* 2 COLLIER ON BANKRUPTCY ¶ 110.07 (15th ed. rev.2004).

■ For these reasons, courts have consistently found that Section 110(g) prohibits a bankruptcy petition preparer from collecting or receiving the debtor's bankruptcy filing fee in the form of the debtor's check or money order payable to the bankruptcy court for later delivery to the bankruptcy court. *See In re Buck*, 290 B.R. at 767; *El–Amin v. Bodenstein*, 2003 WL 291897, *1, 2003 U.S. Dist. LEXIS 261, *3–4 (N.D.Ill.2003); *In re Avery*, 280 B.R. at 531; *In re Moffett*, 263 B.R. 805, 812 (Bankr.W.D.Ky.2001); *In re Jones*, 227 B.R. 704, 705 (Bankr.S.D.Ind.1998); *In re Wallace*, 227 B.R. 826, 828 (Bankr.S.D.Ind. 1998); *In re Burdick*, 191 B.R. 529, 535 (Bankr.N.D.N.Y.1996); *In re Green*, 197 B.R. at 879–80.

■ When a bankruptcy petition preparer takes or comes into possession of a debtor's filing fee, whether in the form of cash, or a check or money order made out to the court, and whether received from the debtor or from a third party, he or she violates Section 110(g). *See In re Haney*, 284 B.R. 841, 849 (Bankr.N.D.Ohio 2002) (noting that a bankruptcy petition preparer who takes or comes into possession of a debtor's filing fee violates Section 110(g)); *In re Buck*, 290 B.R. at 763 (reading Section 110(g) as broadly prohibiting bankruptcy petition preparers from handling any funds earmarked as court filing fees). This is a sensible result, because a contrary rule would permit a bankruptcy petition preparer to defeat Congress's intent by inserting an intermediary into the transaction.

■ Here, the record shows that Mr. Henderson took possession of the Debtor's filing fee in the form of a check payable to the bankruptcy court and later delivered it to the bankruptcy court. The Debtor testified that she paid the Chapter 7 bankruptcy filing fee to Mr. Gibson in the form of a $200 check made payable to the Court. June 10 Hearing Record, Tr. pp. 46–47, 50–51. The Debtor and Mr. Henderson testified that the Debtor did not personally file the Petition and schedules with the Court, but that Mr. Henderson filed the Petition and schedules on her behalf. June 10 Hearing Record, Tr. pp. 12, 60. Mr. Henderson testified that he received the Debtor's $200 filing fee from Mr. Gibson and delivered the fee to the Court when he filed the Debtor's petition. June 10 Hearing Record, Tr. pp. 60, 70.

■ The Court concludes that the record establishes that Mr. Henderson violated Section 110(g)(1) by acting as a bankruptcy petition preparer, and in that capacity, collecting or receiving the Debtor's bankruptcy filing fee. The penalty for violation of 11 U.S.C. § 110(g)(1) is a fine of not more than $500 for each violation. 11 U.S.C. § 110(g)(2). The Court finds that a fine of $500 should be imposed upon Mr. Henderson for the violation of 11 U.S.C. § 110(g)(1).

*The Alleged Violation of 11 U.S.C. § 110(f)(1)*

The United States Trustee seeks an order imposing a fine against Mr. Henderson for violating 11 U.S.C. § 110(f)(1) by using the word "legal" in his advertisements. Section 110(f)(1) of the Bankruptcy Code provides that "[a] bankruptcy petition preparer shall not use the word 'legal' or any

similar term in any advertisements, or advertise under any category that includes the word 'legal' or any similar term." 11 U.S.C. § 110(f)(1). Thus, the elements of a violation of Section 110(f) are that an entity or individual is a bankruptcy petition preparer, and that the entity or individual used the word "legal" or a similar term in an advertisement.

 Section 110(f) seeks to prohibit a bankruptcy petition preparer from giving prospective debtors the misleading impression that his or her business offers more than "clerical services such as copying and typing" to its clients. *In re Gomez,* 259 B.R. 379, 385 (Bankr.D.Colo.2001). Accordingly, "[p]etition preparer advertising must steer clear of any suggestion that the preparer will be offering legal services or insights." *Id.* (citing *Moore v. Jencks (In re Moore),* 232 B.R. 1, 12 (Bankr.D.Me. 1999)). Courts have held the prohibition of the use of the term "legal" in advertisements applies to business cards. *See In re Moffett,* 263 B.R. at 813 (finding a Section 110(f) violation where bankruptcy petition preparer used the term "paralegal" on business cards); *Kangarloo v. Arotionians (In re Kangarloo),* 250 B.R. 115, 121 (Bankr.C.D.Cal.2000) (finding a Section 110(f) violation where a business card identified a bankruptcy petition preparer as connected with a lawyer's office).

 As indicated above, the Debtor testified that she received a business card in the mail for a "Samuel H. Associate." June 10 Hearing Record, Tr. p. 38–39. Mr. Henderson testified that the business card the Debtor received was his business card. June 10 Hearing Record, Tr. pp. 62–63. The record shows that the business card contains the word "legal" in the phrases "Pre–Paid Legal Services, Inc." and "Legal Expense Plans." June 10 Hearing Record, Exh. 3. The Debtor also testified that Mr. Henderson's business

card gave her the impression that she was receiving the services of an attorney. When asked by the Chapter 7 Trustee at the Debtor's 341 Meeting if Mr. Henderson was her lawyer, the Debtor answered "yes." June 10 Hearing Record, Tr. p. 40. The Debtor further testified at the June 10 Hearing that in her dealings with Mr. Henderson, she believed he was an attorney and relied in part on Mr. Henderson's business card in concluding that he was an attorney. June 10 Hearing Record, Tr. pp. 15, 17, 42, 53.

The Court concludes that the record establishes that Mr. Henderson violated Section 110(f)(1) by acting as a bankruptcy petition preparer, and in that capacity, using the word "legal" in his advertisements. The penalty for violation of Section 110(f)(1) is a fine of not more than $500 for each violation. 11 U.S.C. § 110(f)(2). The Court finds that a fine of $500 should be imposed upon Mr. Henderson for the violation of 11 U.S.C. § 110(f)(1).

*The Alleged Violation of 11 U.S.C. § 110(h)*

The United States Trustee seeks disgorgement of fees from Mr. Henderson under 11 U.S.C. § 110(h)(2) on grounds that the fee that he received from the Debtor exceeded the value of the services that he rendered to her. Section 110(h)(2) of the Bankruptcy Code provides that "[t]he court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee . . . found to be in excess of the value of services rendered for the documents prepared." 11 U.S.C. § 110(h)(2).

 "In deciding whether fees are excessive, the Court must determine the reasonable value of the services rendered." *In re Ali,* 230 B.R. 477, 483 (Bankr. E.D.N.Y.1999) (citing *In re Murray,* 194 B.R. 651, 658 (Bankr.D.Ariz.1996)). Be-

cause the services of bankruptcy petition preparers are "'strictly limited to typing bankruptcy forms,'" courts have considered bankruptcy petition preparation fees to be excessive when they are "greater than the usual charge for typing services." *In re Kangarloo,* 250 B.R. at 123 n. 3 (quoting *In re Kaitangian,* 218 B.R. 102, 113 (Bankr.S.D.Cal.1998)).

■ Courts look to both fixed fees and hourly rates to assess the reasonable value of bankruptcy petition preparation services. In recent cases around the country, courts have concluded that a reasonable flat fee may range from $50 to $150. *See, e.g., In re Moore,* 290 B.R. 287, 295 (Bankr.E.D.N.C.2003) (allowing $80 for services provided by a bankruptcy petition preparer); *In re Landry,* 250 B.R. 441, 446 (Bankr.M.D.Fla.2000) (holding $50 to be a reasonable fee for bankruptcy petition preparation services); *In re Guttierez,* 248 B.R. at 298 (holding that bankruptcy petition preparer flat fee cannot exceed $50); *In re Mullikin,* 231 B.R. 750, 753 (Bankr. W.D.Mo.1999) (holding that bankruptcy petition preparer flat fee, including expenses such as photocopying, messenger or courier services, postage, and telephone, cannot exceed $150).

Courts have similarly concluded that a reasonable hourly rate for performing the services allowed by Section 110 may range from $15 to $30 an hour. *See, e.g., In re Schneider,* 271 B.R. 761, 765 (Bankr.D.Vt. 2002) (allowing $30 an hour for services provided by a bankruptcy petition preparer); *Hannigan v. Marshall (In re Bonarrigo),* 282 B.R. 101, 107 (D.Mass.2002) (affirming lower court's determination that a bankruptcy petition preparer's services were worth $20 an hour); *In re Moran,* 256 B.R. 842, 850 (Bankr.D.N.H.2000) (holding $30 an hour to be a reasonable rate). It is reasonable to assume that there may be regional differences in these

fees and rates, and further, that they may increase somewhat over time.

■ The record reflects that Mr. Henderson was paid $300 by the Debtor, through Mr. Henderson's associate, Mr. Gibson, for his services. June 10 Hearing Record, Tr. p. 58. As a bankruptcy petition preparer, Mr. Henderson may be compensated only for those services that come within the scope of Section 110—that is, typing or otherwise preparing the forms and schedules that comprise the Debtor's Petition.

The Debtor testified that Mr. Henderson spent a total of between one and three hours with her over the course of four meetings gathering the information necessary to prepare the Petition. June 10 Hearing Record, Tr. pp. 39–40. The record also shows that Mr. Henderson spent additional time preparing the Petition outside of the time that he spent meeting with the Debtor. June 10 Hearing Record, Tr. p. 43.

■ The Court finds that the record supports an inference that Mr. Henderson spent approximately three hours preparing the Debtor's Petition, including the time that he spent meeting with the Debtor. The Court concludes that using the hourly rate method, a reasonable hourly rate in these circumstances is $50 per hour, and the reasonable value of Mr. Henderson's bankruptcy petition preparer services is $150. The Court further finds that $150 is an appropriate fixed fee for Mr. Henderson's bankruptcy petition preparer services. Therefore, the Court finds that the fees paid to Mr. Henderson exceeded the value of the services that he rendered to the Debtor. Accordingly, under 11 U.S.C. § 110(h)(2), the Court finds that Mr. Henderson should disgorge $150 to the Debtor, representing the portion of the

fee that he received that exceeds the value of his services.

*The Alleged Unauthorized Practice of Law*

The United States Trustee seeks an order directing Mr. Henderson to cease the unauthorized practice of law. While Section 110 does not specifically prohibit the unauthorized practice of law, it makes clear that the prohibitions contained in the section do not preempt, or provide bankruptcy petition preparers with a "safe harbor" from, state rules and laws that prohibit the unauthorized practice of law. 11 U.S.C. § 110(k) ("Nothing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law.") As one court found, Section 110(k) " 'makes clear that Section 110 does not permit activities that would be considered unauthorized practice under state law.' " *In re Rose,* 314 B.R. at 695 (quoting *In re Moffett,* 263 B.R. at 813). *See also In re Kaitangian,* 218 B.R. at 108 (" 'Section 110(k) provides that the ability of nonlawyers to practice before bankruptcy courts in a given jurisdiction will be governed by '[relevant state] law, including rules and laws that prohibit the unauthorized practice of law' as well as by § 110 itself.' ") (quoting 2 COLLIER ON BANKRUPTCY ¶ 110.12 (15th ed.1997)).

■ Bankruptcy courts look to state law to determine whether a bankruptcy petition preparer has engaged in the unauthorized practice of law. *See, e.g., In re Kaitangian,* 218 B.R. at 108–09; *In re Guttierez,* 248 B.R. at 294; *In re Gabrielson,* 217 B.R. 819, 826 (Bankr.D.Ariz.1998); *Hastings v. United States Tr. (In re Agyekum),* 225 B.R. 695, 701 (9th Cir. BAP 1998). New York law prohibits and penalizes the unauthorized practice of law. Section 478 of New York's Judiciary Law states:

It shall be unlawful for any ... person to practice ... as an attorney-at-law ... or to hold himself out to the public as being entitled to practice law ... without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state ....

N.Y. Jud. Law § 478 (McKinney 2004). The purpose of this prohibition is "to protect our citizens against the dangers of legal representation and advice given by persons not trained, examined and licensed for such work...." *Spivak v. Sachs,* 16 N.Y.2d 163, 168, 211 N.E.2d 329, 331, 263 N.Y.S.2d 953, 956 (1965).

■ It is well settled under New York law that the practice of law includes "[t]he giving of ... instructions and advice as to the preparation and use of legal instruments." *New York County Lawyers' Ass'n v. Dacey,* 283 N.Y.S.2d 984, 989, 28 A.D.2d 161, 165 (App. Div. 1st Dep't 1967), *rev'd on other grounds,* 21 N.Y.2d 694, 234 N.E.2d 459, 287 N.Y.S.2d 422 (1967). The practice of law also includes preparing "legal instruments ... by which legal rights are secured." *People v. Alfani,* 227 N.Y. 334, 338, 125 N.E. 671, 673 (1919). *See also In re New York County Lawyers' Ass'n (Roel),* 3 N.Y.2d 224, 229, 144 N.E.2d 24, 26, 165 N.Y.S.2d 31, 35 (1957).

Bankruptcy courts in other jurisdictions have addressed specific acts that constitute the practice of law by bankruptcy petition preparers. These courts have held that advising prospective debtors as to exemptions, selection of the appropriate bankruptcy chapter, and how property and debts should be classified and scheduled, as well as summarizing or reformulating information provided by prospective debtors, all constitute the practice of law. *See, e.g., In re Bush,* 275 B.R. 69, 83 (Bankr.D.Idaho 2002); *Meininger v. Burnworth (In re Landry),* 268 B.R. 301, 305 (Bankr.M.D.Fla.2001); *In re Moffett,*

263 B.R. at 815; *In re Guttierez*, 248 B.R. at 295; *Ostrovsky v. Monroe (In re Ellingson)*, 230 B.R. 426, 433–34 (Bankr.D.Mont. 1999); *In re Gabrielson*, 217 B.R. at 826; *In re Kaitangian*, 218 B.R. at 110.

■ The advice given by a bankruptcy petition preparer does not need to be sophisticated for the prohibition against the unauthorized practice of law to be triggered. Thus, for example, one court found that providing debtors with "explanations or definitions of such legal terms of art as 'reaffirmation' is, by itself, giving legal advice." *In re Kaitangian*, 218 B.R. at 111. *See also In re Rose*, 314 B.R. at 705 (providing "generic" answers to debtors' questions about the bankruptcy process constitutes unauthorized practice of law); *In re Moffett*, 263 B.R. at 814 (providing list of exemption statutes to debtors constitutes unauthorized practice of law).

■ Here, Mr. Henderson testified that he explained to the Debtor which of her property was exempt and which property was not, and advised her that she could amend the Petition if it contained any mistakes. June 10 Hearing Record, Tr. pp. 72, 74, 75. Mr. Henderson and the Debtor testified that Mr. Henderson explained the difference between Chapters 7 and 13, and made decisions as to where on the Petition and accompanying schedules to list the Debtor's assets, income, and expenses, and how to classify her debts. June 10 Hearing Record, Tr. pp. 12–14, 32–33, 43, 72–73. Mr. Henderson testified that he assessed the value of the Debtor's personal property based on his "observation" of the belongings in her home, and used that assessment to prepare Schedule B of the Petition. June 10 Hearing Record, Tr. pp. 74–75. Finally, Mr. Henderson testified that he counseled the Debtor to include all of her creditors on the Petition, and advised her that any creditors not listed on the Petition could

"come after" her after she received her discharge. June 10 Hearing Record, Tr. p. 72. Accordingly, the Court concludes that the record shows that Mr. Henderson engaged in the unauthorized practice of law.

■ The Court next considers the form of relief requested. The United States Trustee seeks an order directing Mr. Henderson to "cease his conduct which amounts to the unauthorized practice of law." Application, p. 6. Such an order would be in the nature of an injunction, and under Bankruptcy Rule 7001, must be sought in an adversary proceeding. *See* Fed. R. Bankr.P. 7001(7). *See also Tighe v. Mora (In re Nieves)*, 290 B.R. 370, 380 (Bankr.C.D.Cal.2003) (denying motion of the United States Trustee for an injunction barring a bankruptcy petition preparer from engaging in unauthorized practice of law on grounds that an adversary proceeding is required); *In re Farness*, 244 B.R. at 473 (finding that bankruptcy petition preparer engaged in unauthorized practice of law but denying injunctive relief because the United States Trustee did not seek an injunction, which would have required an adversary proceeding). As a result, the Court denies without prejudice the Application for an order directing Mr. Henderson to cease the unauthorized practice of law.

### *Certification to District Court*

Section 110(i) requires a bankruptcy court to make a certification to the District Court in the event that a bankruptcy petition preparer "violates this section or commits any fraudulent, unfair or deceptive act...." 11 U.S.C. § 110(i). The Court hereby certifies to the District Court, for purposes of 11 U.S.C. § 110(i), that, for the reasons stated above, the Court finds that the following violations of Section 110 have occurred. First, Mr. Henderson vio-

lated 11 U.S.C. § 110(g)(1) by acting as a bankruptcy petition preparer, and in that capacity, collecting or receiving the Debtor's bankruptcy filing fee in connection with the Debtor's Chapter 7 bankruptcy Petition. Second, Mr. Henderson violated 11 U.S.C § 110(f) by using the word "legal" in his advertisements.

### *Conclusion*

For the reasons stated herein, the Court finds and concludes that Mr. Henderson violated Section 110(g)(1) by collecting or receiving the Debtor's filing fee, and that a fine of $500 should be imposed on him for that violation. The Court further finds and concludes that Mr. Henderson violated 11 U.S.C § 110(f) by using the word "legal" in his advertisements, and that a fine of $500 should be imposed on him for that violation. The Court further finds and concludes that the fee paid to Mr. Henderson was in excess of the value of the bankruptcy petition preparer services that Mr. Henderson rendered to the Debtor, and that pursuant to 11 U.S.C. § 110(h)(2), he should disgorge $150 to the Debtor, representing the amount in excess of the value of the services rendered.

This Memorandum Decision constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure. An Order consistent with this Memorandum Decision will be entered simultaneously herewith.